---

### In re WRIGHT.

(*Surrogate's Court, New York County.* December, 1889.)

1. GUARDIAN AND WARD—DISCHARGE OF GUARDIAN—ACCOUNTING.
   Under Code Civil Proc. § 2837, providing that, where a guardian is discharged on his own application for a settlement of accounts and for a decree of discharge, his successor or ward may compel another judicial settlement of his account as though no decree had been made. Proceedings to settle the accounts of a retiring guardian are tentative, and the decree should merely ascertain the balance due, without any direction as to its payment.

2. SAME—COSTS.
   Where it appears that the desire for the substitution of another guardian is mutual, and that the interests of the ward will be promoted by so doing, the court will apportion the costs of proceedings to that effect between the guardian and ward.

Application by Charles S. Wright for a judicial settlement of his accounts, and a decree revoking his letters of guardianship as guardian of Florence Wright, infant.

For former report, see 4 N. Y. Supp. 343, and 6 N. Y. Supp. 773.

*N. D. Ditmars,* for petitioner. *Benjamin B. Foster,* for special guardian.

RANSOM, S. The guardian herein, on October 30, 1889, filed a petition praying for the judicial settlement of his accounts, and a decree revoking his letters of guardianship. One of the grounds on which he bases his application for the revocation of his letters is that disputes and disagreements as to the income of the trust estate have arisen between him and the trustee, which have been the cause of applications to the court, involving expense. He believes that the trustee is unfriendly to him, that the interests of the minor would be promoted if another guardian were appointed, and that that would be more in accordance with the ward's wishes. He also alleges that the minor desires that some other person than himself be appointed for a general guardian. The ward is the only daughter of the guardian. The accounts were filed, and a considerable sum in excess of income was allowed upon the accounting to the guardian, he having established to the satisfaction of the surrogate his inability to support the infant out of his own earnings, thereby justifying application of the ward's estate to her support. The decree upon

the accounting is now presented for settlement, and the question arises as to the propriety of directing a judgment in favor of the guardian against the ward, and of the manner in which the costs of the proceeding are to be paid. An important consideration in determining this point is the fact that under section 2837 of the Code, notwithstanding the discharge of the guardian in this proceeding, his successor or the ward may compel another judicial settlement of his account, in the same manner and with the like effect as if this decree had not been made, and his sureties continue to be liable until his account is judicially settled in accordance with this section. The present proceedings are therefore necessarily tentative. I think that this consideration alone would control, so far as decree against the infant is concerned. The decree should judicially settle and state the account as between the guardian and ward, showing the balance in favor of the guardian, without any direction whatever as to its payment. Upon the question of costs, I consider the decision in *Re Jones,* 4 Sandf. Ch. 615, influential. In that case it was held that on a trustee applying to be discharged from his trust, there being no cause for it other than his wish to be relieved from its duty, the court will impose, as terms of discharging him, that he bear the costs of the petition and the appointment of a new trustee, and that he be not allowed any commissions on the capital of the trust funds. The consideration of commissions to the guardian herein is disposed of by his stipulation waiving the same. The principle enunciated in *Re Jones, supra,* has been followed in *Brautigam* v. *Escher,* 2 Dem. Sur. 269, where it was held that the testamentary trustee retiring from office for his own convenience could not receive out of the trust fund an allowance to defray the expense of the proceedings to procure his discharge. In *Re Allen,* 29 Hun, 7, the principle was applied so far as to disallow a trustee, retiring under such circumstances, commissions on the capital of the estate. The principle of law followed in the cases above cited is recognized in *Phillips* v. *Lockwood,* 4 Dem. Sur. 299, decided in 1886 by Surrogate ROLLINS. In the case at bar it will be noticed that the desire for the substitution of another guardian is mutual, and the history of the proceedings shows that unfriendliness, if not animosity, exists between father and daughter, and the relations between the trustee of the estate through which the ward derives her property and the father are inimical. My opinion is that the costs should be apportioned in the following manner: The infant should bear all the allowance awarded to the special guardian. The accounting party should be disallowed all costs, beyond the ordinary costs of an accounting, without contest. In addition to the fact that his retirement from the office of guardian is to a large extent for his own convenience, some weight should be given to the fact that the reference was made necessary by, and the contest related solely to, the allowance to the guardian of expenditures made prior to his appointment as such as well as after, which were allowed to him on the principle that had he made application to the court in proper time, it would have been granted to him. Had he procured his appointment and made application at the proper time, the necessity for this contest would have been avoided. The accounting and the contest arose purely and simply out of his neglect to make this application in proper time. I think the court was sufficiently considerate when it allowed to him expenses before his appointment as guardian, and taxed the ward's estate for the excess of his disbursements in her behalf after his appointment.